PEOPLE v CLARK

Docket No. 59737. Submitted October 18, 1982, at Detroit.—Decided March 22, 1983.

Gary B. Clark was convicted of second-degree murder and breaking and entering an occupied dwelling with intent to commit larceny, Detroit Recorder's Court, Robert L. Evans, J. The defendant appealed, alleging that: (1) evidence seized pursuant to a search warrant should have been suppressed because the affidavit on which the warrant was based did not reveal the reliability of the informant, (2) testimony of a prosecution witness that he had been threatened by the defendant's brother was improperly admitted, (3) evidence of his flight from the crime scene was improperly admitted as substantive evidence of his guilt, and (4) the trial judge, in imposing sentence, was improperly influenced by letters from members of the community urging that he impose a maximum sentence. *Held:*

1. The affidavit upon which the search warrant was obtained was sufficient to support the issuance of the warrant. Although the affidavit could have contained more information establishing the informant's reliability, it did identify the informant and his connection with the offense for which evidence was sought.

2. The testimony of the prosecution witness that he had been threatened by the defendant's brother was admissible for the limited purpose of explaining a prior inconsistent statement. A cautionary instruction to the jury could have cured any prejudice to the defendant and, since the defendant later waived a jury trial, he was not prejudiced by the testimony.

3. The evidence regarding the defendant's flight from the scene of the crime was properly admitted. It was relevant and its admission was unlikely to prejudice the defendant. The

REFERENCES FOR POINTS IN HEADNOTES

[1] 68 Am Jur 2d, Searches and Seizures § 64 *et seq.*

Propriety of considering hearsay or other incompetent evidence in establishing probable cause for issuance of search warrant. 10 ALR3d 359.

Search warrants: disputing matters stated in supporting affidavit. 5 ALR2d 394.

[2] 29 Am Jur 2d, Evidence §§ 228, 280 *et seq.*

evidence was introduced to show the res gestae of the offense. The potential for prejudice was absent because the witness who testified that he saw the defendant flee also testified that the defendant stabbed the victim.

4. The trial judge based the defendant's sentence on proper factors. He was "unswayed by public clamor". The judge properly considered the letters from the public as expressions of the feelings of individuals who knew, or knew of, the victim.

Affirmed.

1. SEARCHES AND SEIZURES — SEARCH WARRANTS — PROBABLE CAUSE — AFFIDAVITS — AFFIANTS — STATUTES.

   The statute which provides that a magistrate shall issue a search warrant when he finds that there is reasonable or probable cause therefor covers two types of affidavits, namely: one in which the affiant states facts and one in which the affiant states only informant information; the latter type may be sufficient if the information is reliable, from a credible person and if the affidavit contains affirmative allegations that the informant spoke with personal knowledge of the information (MCL 780.653; MSA 28.1259[3]).

2. EVIDENCE — CRIMINAL LAW — FLIGHT.

   Evidence of a criminal defendant's flight from the scene of the crime is admissible at the trial where it is relevant and material; such evidence should be admitted with caution, however, where its probative value is slight in light of the other evidence presented in the case and evidence of flight alone should be insufficient to warrant conviction.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Deputy Chief, Civil and Appeals, and *A. George Best, II,* Assistant Prosecuting Attorney, for the people.

*Hoffa, Chodak & Robiner* (by *Norman R. Robiner),* for defendant on appeal.

Before: R. M. MAHER, P.J., and BRONSON and CYNAR, JJ.

PER CURIAM. Defendant was convicted of second-

degree murder, MCL 750.317; MSA 28.549, and breaking and entering an occupied dwelling with intent to commit larceny, MCL 750.110; MSA 28.305. He was sentenced to concurrent prison terms of from 15 to 40 years and 10 to 15 years. He appeals by right.

Defendant claims that evidence seized pursuant to a search warrant should have been suppressed. The warrant was based on an affidavit containing the hearsay statements of Johnny Lyons. The affidavit allegedly did not show that Lyons was a reliable informant. While we agree that the police officer's affidavit did not explicitly state facts concerning Lyons's reliability, we find that other facts stated in the affidavit supported an inference that Lyons was reliable. The affidavit identified Lyons and his connection with the offense for which evidence was sought. It consisted almost entirely of Lyons's specific factual observations. The affiant personally corroborated Lyons's statement that a stabbing had occurred at 20420 Florence Street. Lyons's admissions were clearly against his penal interest; he was not granted immunity from prosecution for his role in the breaking and entering. Although the affidavit could have contained more information (which was then available) establishing Lyons's reliability, we believe it was sufficient to support the issuance of the warrant. See *People v Thomas,* 86 Mich App 752, 757-759; 273 NW2d 548 (1978); *People v Atkins,* 96 Mich App 672, 678-680; 293 NW2d 671 (1980).

The testimony of a presecution witness that he had been threatened by defendant's brother was admissible for a limited purpose, to explain the prior inconsistent statement of the witness. A satisfactory cautionary instruction could have been given to shield defendant from any prejudice.

Since defendant later waived the jury, the absence of a cautionary instruction could not have hurt him.

Defendant claims that evidence of his flight from the crime scene was improperly admitted as substantive evidence of his guilt. We disagree. In *People v Cismadija*, 167 Mich 210, 215; 132 NW 489 (1911), our Supreme Court stated that a jury may not consider flight as substantive evidence of criminal guilt. The Court later stated that evidence of flight might be considered as evidence of guilty knowledge (of possession of liquor), although it was not substantive evidence of guilt and was not itself sufficient to warrant a conviction. *People v Burbank*, 234 Mich 600, 604; 208 NW 687 (1926). The Court next stated that flight may be as consistent with innocence as with guilt; although it is not substantive evidence of guilt, it might bear on a defendant's purpose and intent. *People v MacCullough*, 281 Mich 15, 29; 274 NW 693 (1937). In its only lengthy discussion of the issue, the Court said that evidence of a defendant's flight was admissible although it was "of itself no evidence of guilt". *People v Cammarata*, 257 Mich 60, 66; 240 NW 14 (1932).

We think that the Supreme Court's opinions on this subject, while seemingly contradictory, can be reconciled. The term "substantive evidence", as used by the Court in *Cismadija, Burbank,* and *MacCullough,* obviously had a far narrower meaning than it has today. The Court's statements indicated that evidence of flight could be evidence of purpose, intent, or knowledge, all now considered "substantive" matters. We believe it can no longer be said that flight is not admissible as substantive evidence. Evidence of flight is admissible where relevant and material. Such evidence

should be admitted with caution, however, where its probative value is slight in light of the other evidence presented in the case. Furthermore, evidence of flight alone may remain insufficient to warrant conviction. *Burbank, supra,* p 604.

In the present case, the evidence alleged to show flight was testimony that defendant ran from the scene of the crime after stabbing the victim. We do not view this as evidence introduced to show guilty knowledge (although it did) but as evidence introduced to show the res gestae of the offense. The potential for prejudice was absent because the witness who testified that he saw defendant flee also testified that defendant stabbed the victim. The evidence of flight was properly admitted; it was relevant and its admission was unlikely to prejudice defendant.

Finally, we reject defendant's claim that the trial judge, in imposing sentence, was improperly influenced by letters from members of the community urging that he impose a maximum sentence. These letters were placed in the court file and were available to anyone who reviewed it. Defense counsel and defendant were made aware of the existence of the letters. We have reviewed the letters and have found no factual information about the defendant. The letters instead expressed the deep sense of loss felt by persons who knew the victim, Douglas Crawford. By making the letters available for review by the defense, we believe that the trial judge did all that was necessary in order to protect defendant's rights.

Our review of the judge's comments at sentencing shows that he was "unswayed by * * * public clamor". Code of Judicial Conduct, Canon 3(A)(1). He properly considered the letters from the public as expressions of the feelings of individuals who

knew, or knew of, the victim. His comments indicate that he based his sentence on proper factors. See *People v Snow,* 386 Mich 586, 592; 194 NW2d 314 (1972).

Affirmed.