PEOPLE v COMPEAU

Docket No. 217193. Submitted December 5, 2000, at Lansing. Decided February 9, 2001, at 9:10 A.M. Leave to appeal sought.

Dennis D. Compeau was convicted by a jury in the Isabella Circuit Court, Lawrence C. Root, J., of assault with intent to commit criminal sexual conduct involving penetration and of attempted kidnapping and was sentenced as a fourth-offense habitual offender to concurrent prison terms of twenty to fifty years for the assault conviction and twenty to forty years for the attempted kidnapping conviction. The defendant appealed.

The Court of Appeals *held*:

1. The trial court did not abuse its discretion in admitting the testimony of a bailiff of the court in which the defendant had his preliminary examination. The testimony concerning an incriminating statement the defendant made to his attorney at the preliminary examination did not violate the attorney-client privilege. The privilege exists to allow a client to confide in the attorney and be safe in the knowledge that the communication will not be disclosed. In this case, the element of confidentiality was lacking inasmuch as the defendant made no attempt to make his self-incriminating remarks to his attorney confidential such that the bailiff, standing six feet away and at his usual position in the courtroom, heard the defendant's remarks.

2. The trial court did not abuse its discretion by allowing evidence of the defendant's planned escape from jail to show consciousness of guilt. Flight is admissible to show consciousness of guilt, and flight includes attempting to escape custody. Furthermore, the probative value of the evidence of the escape plan was not substantially outweighed by unfair prejudice under MRE 403.

3. The defendant's sentence was proportionate to the seriousness of his crimes and his prior record. The sentence was within the statutory limit, and the crimes of which the defendant was convicted and his criminal history demonstrate that he is unable to conform his conduct to the law.

Affirmed.

1. ATTORNEY AND CLIENT — PRIVILEGED COMMUNICATIONS.

Communications from a client to an attorney are privileged when they are made to counsel who is acting as a legal adviser and made for the purpose of obtaining legal advice; the privilege exists to allow a client to confide in the attorney and be safe in the knowledge that the communication will not be disclosed.

2. CRIMINAL LAW — EVIDENCE — FLIGHT — CONSCIOUSNESS OF GUILT.

Evidence of flight is admissible to show consciousness of guilt; flight includes attempting to escape custody.

3. SENTENCES — HABITUAL OFFENDERS — PROPORTIONALITY.

A sentence that is imposed on an habitual offender and is within the statutory limit is proportionate if the habitual offender's underlying felony and criminal history demonstrate that the offender is unable to conform the offender's conduct to the law.

*Jennifer M. Granholm*, Attorney General, *Thomas L. Casey*, Solicitor General, *Larry Burdick*, Prosecuting Attorney, and *J. Ronald Kaplansky*, Assistant Attorney General, for the people.

*Patrick K. Ehlmann*, for the defendant on appeal.

Before: O'CONNELL, P.J., and ZAHRA and B. B. MACKENZIE* , JJ.

Per CURIAM. Following a jury trial, defendant was convicted of assault with intent to commit criminal sexual conduct involving penetration, MCL 750.520g(1); MSA 28.788(7)(1), and attempted kidnapping, MCL 750.349; MSA 28.581; MCL 750.92; MSA 28.287. The trial court sentenced defendant as a fourth-offense habitual offender, MCL 769.12; MSA 28.1084, to serve concurrent prison terms of twenty-five to fifty years for the assault conviction and twenty to forty years for the attempted kidnapping conviction. Defendant appeals as of right. We affirm.

* Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

Defendant first argues that the trial court abused its discretion in allowing a court officer to testify concerning the substance of an incriminating statement that, in his capacity as a bailiff, he heard defendant make to his attorney during the complainant's preliminary examination testimony. Specifically, defendant contends that he did not waive the attorney-client privilege by communicating with his attorney in court in a manner that allowed the bailiff, standing six feet away, to hear what was said. However, we conclude that under these facts there was no confidential communication and hence no question whether there was a valid waiver of a privileged statement.

Communications from a client to an attorney are privileged when they are made to counsel who is acting as a legal adviser and made for the purpose of obtaining legal advice. *Alderman v People*, 4 Mich 414, 422 (1857). The privilege exists to allow a client to confide in the attorney and be safe in the knowledge that the communication will not be disclosed. See *People v Nash*, 418 Mich 196, 219; 341 NW2d 439 (1983). In this case, however, the element of confidentiality is lacking. As the trial court noted, when defendant spoke to his attorney the uniformed bailiff was in his usual position in the courtroom and his presence was obvious to all persons in the room. Situated in this public location during public proceedings, and under the scrutiny of the bailiff, defendant chose to communicate with counsel by speaking to the attorney in a manner that could be overheard by a third person rather than covering his mouth and quietly whispering or by communicating in writing. Under these circumstances, defendant failed to take reasonable precautions to keep his remark confiden-

tial and thus the communication was not privileged. The trial court did not abuse its discretion by admitting the bailiff's testimony.

Defendant next argues that the trial court abused its discretion by allowing evidence of his planned jail escape to show consciousness of guilt. We find no abuse of discretion. It is well established that evidence of flight is admissible to show consciousness of guilt. *People v Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995); *People v Clark*, 124 Mich App 410, 413; 335 NW2d 53 (1983); *People v Cammarata*, 257 Mich 60, 66; 240 NW 14 (1932). The term "flight" includes attempting to escape custody. *Coleman, supra* at 4, citing 29 Am Jur 2d, Evidence, § 532, p 608. The remoteness of the flight from the time of defendant's arrest did not affect the admissibility of the evidence, but was relevant only to the weight of the evidence. 29 Am Jur 2d, Evidence, § 532, p 608; see also 29 Am Jur 2d, Evidence, § 537, p 611. Furthermore, contrary to defendant's contention, the probative value of the evidence of the escape plan was not substantially outweighed by unfair prejudice under MRE 403. Rule 403 is not intended to prohibit prejudicial evidence, but only that which is unfairly prejudicial. *People v Crawford*, 458 Mich 376, 398; 582 NW2d 785 (1998). We do not find that this evidence was substantially outweighed by unfair prejudice. *Coleman, supra* at 5.

Finally, defendant argues that his sentence was disproportionately harsh. Again, we disagree. Matters of sentencing are reviewed for an abuse of discretion. *People v Milbourn*, 435 Mich 630, 654; 461 NW2d 1 (1990). A sentence must be proportionate to the seriousness of the crime and the defendant's prior record.

*Id.* at 635-636. If an habitual offender's underlying felony and criminal history demonstrate that he is unable to conform his conduct to the law, a sentence within the statutory limit is proportionate. *People v Hansford (After Remand)*, 454 Mich 320, 326; 562 NW2d 460 (1997).

Here, because defendant was sentenced as a fourth-offense habitual offender, he could have been sentenced to life imprisonment. Defendant's criminal history, which began in 1981, included four felonies and four misdemeanors. Further, he was on parole when he committed the instant offenses. Through his extensive record, defendant has demonstrated an inability to conform his conduct to the law. Thus, we are satisfied that the sentence was proportional. *Hansford, supra.*

Affirmed.