# Order

**Michigan Supreme Court**
**Lansing, Michigan**

January 8, 2010

139591

Marilyn Kelly,
Chief Justice

Michael F. Cavanagh
Elizabeth A. Weaver
Maura D. Corrigan
Robert P. Young, Jr.
Stephen J. Markman
Diane M. Hathaway,
Justices

PEOPLE OF THE STATE OF MICHIGAN,
　　　　Plaintiff-Appellant,

v

JOVAN DEKEITH SMELLEY,
　　　　Defendant-Appellee.

SC: 139591
COA: 274033
Wayne CC: 06-004742-01

_____/

　　　　On order of the Court, the application for leave to appeal the August 13, 2009 judgment of the Court of Appeals is considered and, pursuant to MCR 7.302(H)(1), in lieu of granting leave to appeal, we VACATE that part of the Court of Appeals opinion that held that the trial court abused its discretion in admitting flight evidence. In all other respects, leave to appeal is DENIED, because we are not persuaded that the remaining questions presented should be reviewed by this Court.

　　　　In this homicide case, the prosecutor introduced as circumstantial evidence of defendant's consciousness of guilt that he had been arrested in Georgia two weeks after the homicide. After being released from jail in Georgia, defendant returned to Michigan where he was arrested. The fact that he voluntarily returned to Michigan does not necessarily mean that defendant did not *initially* flee to Georgia out of fear of apprehension.

　　　　The Court of Appeals stated, "There is no evidence in the record that defendant left the jurisdiction because he was aware of, or motivated by fear of apprehension for, this homicide. The prosecution did not rebut defense counsel's claim that, before or during the time defendant was in Georgia, defendant had no knowledge about this matter." *People v Smelley,* 285 Mich App 314, 333 (2009).

　　　　First, the prosecutor is not required to prove that defendant left the jurisdiction because he was "motivated" by fear of apprehension. If that was required, flight evidence would rarely be admissible because it is obviously difficult to prove somebody's motives. Second, the prosecutor *did* rebut defendant's claim that he had no

knowledge about this matter. McLeod's testimony that the shots sounded like they originated from defendant's car and that he was driving this car at the time of the shooting rebutted defendant's claim that he had no knowledge of the homicide.

CORRIGAN, J. (*concurring*).

I concur in the order vacating the Court of Appeals judgment in part. I write separately to underscore that the trial court did not abuse its discretion in admitting evidence of flight and in instructing the jury according to the model flight instruction, CJI2d 4.4.

In this criminal case arising from a drive-by shooting in Detroit, the trial court admitted evidence of defendant's flight and subsequent arrest by a DEA agent in Georgia two weeks after the homicide. The trial court determined that the flight evidence was relevant circumstantial evidence of defendant's consciousness of guilt. A jury subsequently convicted defendant of second-degree murder,[1] felon in possession of a firearm,[2] felony firearm,[3] and assault with intent to do great bodily harm less than murder.[4] Defendant appealed by right, and the Court of Appeals reversed and remanded for a new trial, concluding that the trial court abused its discretion in admitting evidence of defendant's flight. Because the decision to admit this evidence and to instruct the jury about defendant's flight fell within the range of reasonable and principled outcomes, the Court of Appeals erred when it held that the trial court abused its discretion in admitting evidence of defendant's flight.

It is well established that evidence of flight is admissible to support an inference of a defendant's consciousness of guilt.[5] By itself, flight evidence is insufficient to sustain a conviction. Nonetheless, flight evidence is probative because it may show consciousness of guilt.[6] Examples of "flight" include: fleeing the scene of the crime, leaving the state or jurisdiction, running from the police, or attempting to escape custody.[7] Here, defendant left Michigan shortly after the homicide occurred. Soon thereafter, a DEA agent arrested

---

[1] MCL 750.317.

[2] MCL 750.224f.

[3] MCL 750.227b.

[4] MCL 750.84.

[5] *People v Unger*, 278 Mich App 210, 226 (2008); *People v Compeau*, 244 Mich App 595, 598 (2001).

[6] *People v Coleman*, 210 Mich App 1, 4 (1998).

[7] *Id*.

him in Georgia. Once defendant was released from jail in Georgia, he returned to Michigan where he was later arrested.

Although flight evidence is equivocal in nature, "evidence of flight is generally relevant and admissible."[8] Whether defendant fled to Georgia for reasons other than his consciousness of guilt regarding these offenses affects only the weight, and not the admissibility, of the flight evidence.[9] Similarly, the relative remoteness of defendant's flight from the time of his arrest does not affect the admissibility of the evidence, but it is relevant to the weight accorded to such evidence.[10] As this Court has observed, "[i]t is true that flight from the scene of a tragedy may be as consistent with innocence as with guilt; but it is always for the jury to say whether it is under such circumstances as to evidence guilt."[11]

Moreover, the trial court instructed the jury according to the model flight instruction, which provides that flight evidence, standing alone, is insufficient to warrant conviction and an individual may flee for innocent reasons.[12] Specifically, the trial court stated that:

> There has been some evidence that the defendant left after the alleged crime. This evidence does not prove guilt. A person may run or hide for innocent reasons such as panic, mistake or fear. However, a person may also run or hide because of consciousness of guilt. You must decide whether the evidence is true and whether it shows that the defendant had a guilty state of mind.

Not only was the flight instruction given by the trial court in this case entirely consistent with the model flight instruction, but it also was reasonable and principled instruction based on the evidence presented.

---

[8] *People v Cutchall*, 200 Mich App 396, 398 (1993).

[9] See *Unger,* 278 Mich App at 226.

[10] *Compeau,* 244 Mich App at 598.

[11] *People v Cipriano*, 238 Mich 332, 336 (1927).

[12] CJI2d 4.4.

Because the trial court did not abuse its discretion in admitting evidence of defendant's flight or instructing the jury according to the model flight instruction, I concur with the order vacating the Court of Appeals judgment in part.

CAVANAGH, J., would deny leave to appeal.



I, Corbin R. Davis, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

January 8, 2010

_____
Clerk

s0105