# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

       Plaintiff-Appellee,

v

GLENN SILL LATOSKI,

       Defendant-Appellant.

UNPUBLISHED
November 10, 2015

No.  322369
Ingham Circuit Court
LC No.  13-000589-FC

Before:  GADOLA, P.J., and HOEKSTRA and M. J. KELLY, JJ.

PER CURIAM.

Defendant appeals as of right from his jury trial convictions of third-degree criminal sexual conduct (CSC III), MCL 750.520d (multiple variables), and assault by strangulation, MCL 750.84(1)(b).  Defendant was sentenced as a second-offense habitual offender, MCL 769.10, to concurrent prison terms of 150 to 264 months for the CSC III conviction and 28 to 180 months for the assault by strangulation conviction.  We affirm.

This case involves a sexual assault that occurred while defendant and the victim were in a dating relationship.  The victim testified that on the night of the assault, defendant had been drinking and became belligerent when she denied his sexual advances.  According to the victim, she was lying next to defendant on a couch when he asked her to engage in sexual relations, to which she responded, "[A]bsolutely not."  The victim testified that she was almost asleep when she felt defendant move on top of her.  She testified that she tried to push defendant away and keep her legs together, but he forced them open.  The victim told defendant, "Get off me.  I'm not having sex with you," but defendant moved her underwear aside and forced his fingers inside of her.  When the victim tried to push defendant off again, he held her arms down and had penial-vaginal intercourse with her.  The victim explained that she tried to make noise, but defendant wrapped his hands around her throat and squeezed so she could not breathe.

Defendant's sole argument on appeal is that the trial court reversibly erred when it failed to issue a curative instruction or strike the testimony of the victim at trial concerning alleged threats she received from defendant's sisters.  The challenged testimony took place during the following exchange between the prosecutor and the victim:

-1-

*Q.* Okay. Was that the last time you talked to Sergeant [Melissa] Brown[1] leaving the sheriff's office [the day of the assault]?

*A.* No.

*Q.* When did you talk to her next?

*A.* I believe that I called her with a concern about—I talked to her at the hospital because I was getting threatening voicemails and threatening Facebook messages, and I talked to her about those. . . .

*Q.* Okay. So let's talk about when you talked to her about the threatening Facebook messages that you were getting. Was it related to this incident?

*A.* Yes.

*Q.* Was it [defendant] who was threatening you?

*A.* No, it was his sisters.

*Q.* Okay. And you talked to her about that for help?

*A.* Yes.

*Q.* If I'm understanding you correctly, did she take care of that for you?

*A.* Yes, ma'am.

*Q.* And when you talked to [Sergeant Brown], how were you feeling when you talked to her about that issue?

*A.* I was very scared. I didn't know what to do.

*Q.* Did you talk to her in person or on the phone?

*A.* In person.

*Defense counsel*: Your honor, this is irrelevant as it relates to my client.

*The prosecutor*: I'm trying to get to a different place, and it's not working. I can strike that.

*Defense counsel*: Thank you.

---

[1] Sergeant Brown is an officer with the Ingham County Sheriff's Department and was the first officer to interact with the victim after the assault.

Although defendant raised a relevancy objection to the testimony at trial, he did not ask the court to rule on his objection, to strike the testimony from the record, or to issue a curative instruction. Therefore, we review this issue for plain error affecting defendant's substantial rights. *People v Brown*, 279 Mich App 116, 134; 755 NW2d 664 (2008). "To avoid forfeiture under the plain error rule, three requirements must be met: 1) error must have occurred, 2) the error was plain, i.e., clear or obvious, 3) and the plain error affected substantial rights." *People v Carines*, 460 Mich 750, 763; 597 NW2d 130 (1999). Even if a defendant satisfies these three requirements, reversal is only warranted if the error resulted in the conviction of an innocent defendant or seriously affected the fairness, integrity, or public reputation of the proceedings. *Id.*

In general, evidence that a defendant threatened a witness is admissible to show the defendant's consciousness of guilt. *People v Sholl*, 453 Mich 730, 740; 556 NW2d 851 (1996). Evidence that a witness was threatened by someone other than the defendant may be admissible for its relevance to the witness's credibility. *People v Johnson*, 174 Mich App 108, 112; 435 NW2d 465 (1989). Specifically, such evidence may be used to explain a witness's bias, reluctance to testify, or prior inconsistent statements. *Id.*; *People v Clark*, 124 Mich App 410, 412; 335 NW2d 53 (1983). In this case, there was no direct link between the alleged threats and defendant, so the testimony was not relevant to demonstrate defendant's consciousness of guilt. The challenged testimony was also not offered for any permissible purpose related to the victim's credibility. Therefore, the challenged testimony was improper.

The parties dispute what the prosecutor meant when she responded to defense counsel's objection by stating, "I can strike that." Defendant argues that the prosecutor's statement was a request for the trial court to strike the challenged testimony. Plaintiff argues that the prosecutor meant she would cease her line of questioning and move on. Plaintiff's explanation is more plausible, given that immediately before stating, "I can strike that," the prosecutor clarified, "I'm trying to get to a different place, and it's not working." In any event, it was immediately apparent that the judge did not make any ruling that the victim's testimony should be stricken. In light of the judge's silence, defendant could have asked the trial court to strike the testimony from the record and issue a curative instruction. Yet, defendant did not make such a request. Defendant cites no authority indicating that the trial court was required to sua sponte strike the testimony or provide a curative instruction.

Moreover, defendant cannot show that he was prejudiced by the testimony. At trial, the victim provided a detailed account of the assault. Sergeant Brown testified that she answered the victim's cell phone after the assault, and defendant, thinking the victim was on the line, stated, "[D]on't tell on me . . . , don't be mad at me and don't tell on me." Brown explained that the victim had redness at the base of her neck. The sexual assault nurse who examined the victim also testified that the victim had an area of redness at the base of her throat, which the nurse said was consistent with the victim's account that defendant put his hands around her throat. Brown testified that defendant's niece, who was in the residence at the time of the assault, reported that she heard the victim say, "[N]o" and "Get the fuck off me." This suggests that the niece overheard the victim's pleas for defendant to stop the assault. Further, the testimony that defendant's sisters threatened the victim was brief, and was never mentioned again.

In light of the overwhelming evidence of defendant's guilt, we cannot conclude that the disputed testimony resulted in the conviction of an innocent defendant. *Carines*, 460 Mich at

763. Also, although the challenged testimony was improper, it was not so egregious that it compromised the integrity of the proceedings. A defendant "is entitled to a fair trial but not a perfect one for there are no perfect trials." *People v Miller*, 482 Mich 540, 559; 759 NW2d 850 (2008) (citations and quotation marks omitted).

Affirmed.

/s/ Michael F. Gadola
/s/ Joel P. Hoekstra
/s/ Michael J. Kelly