# Court of Appeals, State of Michigan

# ORDER

People of MI v Dominique Demetrius Miller

Docket No. 337460

LC No. 15-009753-01-FC

Michael J. Kelly
Presiding Judge

David H. Sawyer

Jane E. Markey
Judges

The Court orders that the motion for reconsideration is GRANTED, and this Court's opinion issued November 20, 2018 is hereby VACATED. A new opinion is attached to this order.

/s/ Michael J. Kelly

A true copy entered and certified by Jerome W. Zimmer Jr., Chief Clerk, on

February 5, 2019
Date

Chief Clerk

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

DOMINIQUE DEMETRIUS MILLER, also
known as DOMINIQUE DEMETROUIS
MILLER, also known as DOMINIQUE
DEMETRUIS MILLER, also known as
DOMINIQUE DETRIOUS MILLER,

Defendant-Appellant.

UNPUBLISHED
February 5, 2019

No. 337460
Wayne Circuit Court
LC No. 15-009753-01-FC

ON RECONSIDERATION

Before: M. J. KELLY, P.J., and SAWYER and MARKEY, JJ.

PER CURIAM.

Defendant, Dominique Miller, appeals by delayed leave granted[1] his convictions based
upon a plea of *nolo contendere* for armed robbery, MCL 750.529, and possession of a firearm
during the commission of a felony (felony-firearm), MCL 750.227b. Miller was sentenced to 6
to 20 years' imprisonment for his armed robbery conviction and a consecutive two years'
imprisonment for his felony-firearm conviction. Because there are no errors warranting relief,
we affirm.

## I. BASIC FACTS

In November 2015, Clarence Watkins was robbed at gunpoint. Following the robbery, he
identified Miller as one of the individuals who robbed him. Miller was arrested and charged
with armed robbery, breaking and entering a vehicle causing damage, MCL 750.356a(3),
possession of a firearm by a felon (felon-in-possession), MCL 750.224f, forgery of a license

---

[1] *People v Miller*, unpublished order of the Court of Appeals, entered October 26, 2017 (Docket
No. 337460).

plate, MCL 257.257, and concealing or misrepresenting the identity of a motor vehicle with the intent to mislead, MCL 750.415(2). The district court dismissed the latter two charges, but bound Miller over on the armed robbery, breaking and entering a vehicle, and felon-in-possession charges. Thereafter, the prosecution amended the information to add a felony-firearm charge.

In January 2016, the prosecution filed a motion in limine to admit incriminating statements made by Miller over the jail phone to his lawyer. An evidentiary hearing on the motion was never held because, pursuant to a plea bargain with the prosecution, Miller entered a plea of *nolo contendere*. As part of the bargain, defendant agreed to serve 6 to 20 years' imprisonment for armed robbery with a consecutive two years' imprisonment for felony-firearm, and the prosecution agreed to dismiss the remaining charges and the habitual sentence enhancement. The trial court accepted Miller's plea.

In February 2016, Miller sought to withdraw his plea, alleging that he had been improperly advised by his lawyer. Miller claimed that his lawyer did not give him an opportunity to think about the plea, which forced him to make a "split second" decision at the last minute. Additionally, Miller's lawyer sought to withdraw as counsel based on a breakdown in the attorney-client relationship. The trial court, however, held that Miller's "second thoughts" were insufficient to justify withdrawal of the plea or withdrawal of Miller's lawyer.

In April 2016, at the sentencing hearing, Miller's lawyer stated that, upon reviewing the jail recordings, he had determined that they were protected by attorney-client privilege. He added that he had not had adequate time to review the recordings before Miller pleaded, so the information he gave to Miller was incomplete and false. Miller's lawyer asked the court to reinstate Miller's motion to withdraw his plea or to stay further proceedings pending an interlocutory appeal to this Court. The trial court found no basis to set aside the plea, but it adjourned sentencing. This Court subsequently issued an order denying defendant's application for leave to appeal.[2]

Miller was sentenced in June 2016. At that time, his minimum sentencing guidelines range was calculated to be 81 to 135 months' imprisonment. Although it amounted to a downward departure, pursuant to the sentencing agreement, the trial court sentenced Miller to 6 to 20 years for the armed robbery conviction.

In December 2016, Miller filed a new motion to withdraw his plea. He also requested the court correct his invalid sentence or grant him resentencing. With regard to his motion to withdraw his plea, Miller asserted that he was rushed into pleading, he did not have an opportunity to review the evidence because his lawyer was ineffective, his plea was based on the illusory threat of having a privileged conversation admitted at trial, and he had agreed to the sentence based on sentencing guidelines that were inaccurately scored. He also challenged the scoring of prior record variable (PRV) 2 and offense variable (OV) 13.

---

[2] *People v Miller*, unpublished order of the Court of Appeals, entered May 17, 2016 (Docket No. 331899).

At a February 2017 hearing, Miller conceded that OV 13 was properly scored. Additionally, the court found that PRV 2 was improperly scored, and it amended the sentencing information report to reflect a correct score. The revision to the PRV changed Miller's minimum guidelines range from 81 to 135 months to 51 to 85 months. The court, however, declined to resentence Miller because Miller had received the exact sentence that he had agreed to receive under the plea agreement. The court also held that Miller was not entitled to withdraw his plea, noting that he had failed to establish a defect in the plea proceeding.

## II. SENTENCING

### A. STANDARD OF REVIEW

Miller argues that the trial court erred by denying his motion to withdraw his plea. Challenges to a court's decision on a motion to withdraw a plea made after sentencing are reviewed for an abuse of discretion. *People v Seadorf*, 322 Mich App 105, 109; 910 NW2d 703 (2017). A trial court abuses its discretion when its decision falls outside the range of principled outcomes. *People v Anderson*, 501 Mich 175, 182; 912 NW2d 503 (2018).

### B. ANALYSIS

In order to be effective, a plea of *nolo contendere* must be voluntary and knowing. *People v Cole*, 491 Mich 325, 332-333; 817 NW2d 497 (2012). A knowing plea is an "intelligent act[] done with sufficient awareness of the relevant circumstances and likely consequences," and a voluntary plea is made by a defendant "fully aware of the direct consequences of the plea." *Id*. at 333 (quotation marks and citation omitted). "The court may not accept a plea of guilty or nolo contendere unless it is convinced that the plea is understanding, voluntary, and accurate." MCR 6.302(A). "A defendant seeking to withdraw his or her plea after sentencing must establish a defect in the plea-taking process." *People v Brown*, 492 Mich 684, 693; 822 NW2d 208 (2012).

Miller contends that his plea was defective because his plea bargain was illusory. "[A]n illusory plea bargain is one in which the defendant is led to believe that the plea bargain has one value when, in fact, it has another value." *People v Williams*, 153 Mich App 346, 350; 395 NW2d 316 (1986). In exchange for Miller's plea, the prosecution dismissed two of the charges against him, dismissed the habitual offender sentencing enhancement, and agreed that Miller would be sentenced to 6 to 20 years for the armed robbery conviction. Thus, the plea agreement was not illusory.

Additionally, Miller has not identified any defect in the plea-taking process that would entitle him to relief. He testified that, before he signed the settlement offer, he discussed the terms of the agreement with his lawyer, that he understood the terms of the agreement, he was satisfied with his lawyer's representation, and he understood the rights he was giving up by pleading. Miller also stated that he understood that he would serve two years' imprisonment for felony-firearm and 6 to 20 years for armed robbery. Accordingly, based on Miller's testimony it is clear that his plea was voluntary and knowing, so Miller is not entitled to withdrawal of his plea.

Next, in a pro se supplemental brief, filed under Supreme Court Administrative Order No. 2004-6, Miller argues that he should have been allowed to withdraw his plea because he "felt rushed and coerced" into accepting the plea because his lawyer did not think that he could affectively represent him as a result of the jail calls, the lack of discovery, and the upcoming trial date. Despite his assertion on appeal, when he pleaded no contest, Miller testified that no one had threatened or coerced him in any way in order to get him to plead. His contention that he was coerced is, therefore, contrary to his testimony at the plea hearing.

Miller also argues in his Standard 4 brief that his plea was not accurate because the evidence at the preliminary examination did not support a finding that he was guilty of the charged offense. However, we need not look at the preliminary examination testimony in this case. At the plea hearing, Miller, through his lawyer, stipulated that the court could use the investigator's report as the factual basis for the conviction. According to the report, Miller was identified as one of two men who robbed Watkins at gunpoint. Thus, there was sufficient evidence to establish the elements of armed robbery. See *People v Smith*, 478 Mich 292, 319; 733 NW2d 351 (2007) ("The elements of armed robbery are: (1) an assault; (2) a felonious taking of property from the victim's presence or person; and (3) while the defendant is armed with a weapon.").

Miller nevertheless contends that his plea bargain was tainted because he was led to believe that the recording of the phone call between him and his lawyer (or his lawyer's paralegal) would be admitted at trial when, in reality, the conversations were protected by attorney-client privilege. We disagree. An "element of confidentiality" must exist in order for a defendant to assert that a statement is protected by attorney-client privilege. See *People v Compeau*, 244 Mich App 595, 597; 625 NW2d 120 (2001). In order to ensure that a communication is privileged, a defendant must "take reasonable precautions to keep his remark[s] confidential." *Id*. Here, Miller spoke to his lawyer over a jail phone line that he knew was monitored and recorded, so he waived any claim of confidentiality. See *Bassett v State*, 895 NE2d 1201, 1207 (Ind, 2008) (with respect to attorney-client privilege, a conversation over a jail phone line that a defendant knows to be recorded is not confidential); *McWatters v State*, 36 So 3d 613, 636 (Fla, 2010) (telephone calls between a defendant and attorney subject to monitoring and recording are not subject to attorney-client privilege). See also *United States v Friedman*, 300 F3d 111, 123 (CA 2, 2002) (where a facility provides notice to inmates that calls may be monitored, a defendant has no reasonable expectation of privacy during phone conversations). Therefore, Miller's contention that he was prejudiced by the threatened admission of an inadmissible recording of his jail phone call is without merit.

Miller also argues that that his plea was entered without awareness of the relevant circumstances and likely consequences because his plea was based upon an incorrectly calculated minimum sentencing guidelines range. An incorrectly calculated guidelines range can invalidate an otherwise voluntary plea. *People v Smith*, 319 Mich App 1, 9; 900 NW2d 108 (2017). Yet, "a defendant waives appellate review of a sentence that exceeds the guidelines by understandingly and voluntarily entering into a plea agreement to accept that specific sentence." *People v Wiley*, 472 Mich 153, 154; 693 NW2d 800 (2005). "[A] defendant who pleads guilty with knowledge of the sentence will not be entitled to appellate relief on the basis that the sentence is disproportionate." *Id*. Here, because Miller agreed to the sentence imposed as part

of the plea bargain, he waived appellate review of the sentence, notwithstanding any errors in the calculation of the sentencing guidelines.

Next, Miller argues that his lawyer provided ineffective assistance. "[I]n reviewing a claim of ineffective assistance of counsel arising out of a guilty plea, the courts should focus upon whether the defendant's plea was made voluntarily and understandingly." *In re Oakland Co Prosecutor*, 191 Mich App 113, 120; 477 NW2d 455 (1991). In doing so, a defendant seeking relief must meet the familiar two-pronged standard by showing that his lawyer's representation was below an objective standard of reasonableness and that there is a reasonable probability that, but for his lawyer's deficient performance, the outcome of the proceedings would have been different. *People v Douglas*, 496 Mich 557, 592; 852 NW2d 587 (2014). "In demonstrating prejudice, the defendant must show the outcome of the plea process would have been different with competent advice." *Id*. (quotation marks and citation omitted). In this case, Miller has failed to establish that his lawyer was deficient. He asserts only that his lawyer failed to investigate, but he does not identify what his lawyer failed to investigate. To the extent that he believes his lawyer should have discovered the alleged illusory nature of the plea bargain, we discern no error because the plea bargain was not illusory. Additionally, Miller's lawyer was not ineffective for failing to advise Miller that the jail recordings were inadmissible because of attorney-client privilege because, as indicated above, the conversations were not privileged. Accordingly, Miller has failed to establish that his lawyer provided ineffective assistance. See *People v Putman*, 309 Mich App 240, 248; 870 NW2d 593 (2015) (a defendant must establish the factual predicate for his claim that his lawyer provided ineffective assistance).[3]

Finally, Miller asserts that he should be resentenced. Miller contends that he is entitled to resentencing based upon the erroneous calculation of PRV 2 and OV 13. However, he conceded in the proceedings below that OV 13 was properly scored.[4] Further, the trial court already corrected the misscoring of PRV 2. Accordingly, Miller is not entitled to relief. Miller also argues he is entitled to resentencing because his sentence is not proportionate. However, it is well established that "a defendant who voluntarily and understandingly entered into a plea agreement that included a specific sentence waives appellate review of that sentence." *People v Billings*, 283 Mich App 538, 550; 770 NW2d 893 (2009).

---

[3] In his Standard 4 brief, Miller also suggests he should be allowed to withdraw his plea because (1) there was no trust between him and his lawyer, and (2) his lawyer admitted that he was ineffective. However, when he entered his plea, Miller testified that he was satisfied with his lawyer's representation of him. The fact that he later changed his mind is not a defect in the plea-taking process that would entitle Miller to withdrawal of his plea. See *Brown*, 492 Mich at 693. Moreover, although Miller's lawyer suggested that he provided ineffective assistance, in context, that statement was based on his belief that the phone recordings were protected by attorney-client privilege. However, as indicated above, the conversation was not privileged. Therefore, Miller is not entitled to relief on that basis. Stated differently, the legal advice provided by Miller's lawyer was not inaccurate despite his lawyer's later-formed belief that it was inaccurate.

[4] Even if OV 13 were misscored, it would not result in a different outcome. Again, because Miller agreed to a specific sentence, he waived appellate review of his sentence, including whether the guidelines were properly scored. See *Billings*, 283 Mich App at 550.

Affirmed.

/s/ Michael J. Kelly
/s/ David H. Sawyer
/s/ Jane E. Markey