PEOPLE v COLEMAN

Docket No. 161507. Submitted March 8, 1995, at Lansing. Decided
April 21, 1995, at 9:10 A.M.

James L. Coleman was convicted by a jury in the Lapeer Circuit
Court, Martin E. Clements, J., of armed robbery, two counts of
felonious assault, three counts of possession of a firearm in the
commission or attempted commission of a felony, and of being a
fourth-offense habitual offender. The defendant appealed.

The Court of Appeals *held:*

1. The trial court did not abuse its discretion in admitting
evidence of the defendant's postarrest escape from police cus-
tody, even though such evidence included details of other
criminal acts that were not at issue in the trial. Evidence of
flight, although insufficient by itself to sustain a conviction, is
probative because it may indicate consciousness of guilt. The
challenged evidence was relevant to the res gestae of the
escape.

2. Whether the trial court abused its discretion in allowing
evidence of the defendant's prior conviction of conspiracy to
commit armed robbery to be used for his impeachment need
not be decided. In light of the strong evidence of defendant's
guilt beyond a reasonable doubt, the allowance of evidence of
the prior conviction, if error, would be harmless error.

3. The trial court did not err in allowing the impeachment of
a defense witness with evidence of the witness' conviction of
aiding and abetting the defendant's escape. The witness' rela-
tionship with the defendant and her personal interest in the
outcome of the defendant's trial were relevant to her credibil-
ity.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — FLIGHT — UNRELATED CRIMES.

Evidence of flight that also indicates other criminal acts by the
defendant that are not at issue in the trial is admissible where
it is relevant to the res gestae of the escape.

REFERENCES

Am Jur 2d, Evidence §§ 404-462, 532-535; Witnesses §§ 1039-1042.
See ALR Index under Escape or Flight; Evidence; Credibility of
Witnesses.

2. CRIMINAL LAW — EVIDENCE — IMPEACHMENT — PRIOR CONVIC-
   TIONS.

   The erroneous admission of evidence of a prior conviction of a
   defendant for use in the impeachment of the defendant is
   harmless error where reasonable jurors would find the defen-
   dant guilty beyond a reasonable doubt even if evidence of the
   prior conviction had been suppressed.

3. CRIMINAL LAW — WITNESSES — CREDIBILITY.

   Evidence of a witness' bias or interest in a case is highly relevant
   to the credibility of the witness.

*Frank J. Kelley,* Attorney General, *Thomas L.
Casey,* Solicitor General, *Justus C. Scott,* Prosecut-
ing Attorney, and *Todd C. Mohr,* Assistant Prose-
cuting Attorney, for the people.

*Shelley R. Spivack,* for the defendant on appeal.

Before: DOCTOROFF, C.J., and CAVANAGH and
SMOLENSKI, JJ.

PER CURIAM. Defendant appeals as of right his
jury trial convictions of armed robbery, MCL
750.529; MSA 28.797, two counts of felonious as-
sault, MCL 750.82; MSA 28.277, three counts of
possession of a firearm in the commission or at-
tempted commission of a felony, MCL 750.227b;
MSA 28.424(2), and being an habitual offender,
fourth offense, MCL 769.12; MSA 28.1084. Defen-
dant's sentences for the underlying offenses were
vacated, and defendant was sentenced to a term of
thirty to forty-five years' imprisonment as an ha-
bitual offender. We affirm.

On November 18, 1991, an armed gunman
robbed Gem and Diamond Specialists, an Imlay
City jewelry store. The gunman entered the store
and browsed briefly. He then indicated that he
wanted to look at a ring. While Suzanne Johnson,
the owner of the store, was removing the ring
from the showcase, the man drew a gun and

ordered her to lie down in the store safe. After binding Johnson's wrists and ankles, the gunman took approximately $2,000 from the cash register. The robber then entered a back office and similarly bound the employee working there.

While the robber was still in the back, Kim Jorgensen, a business associate of Johnson, entered the store. Jorgensen discovered Johnson in the safe, handed her a pair of scissors, and hurried to the telephone. The gunman emerged from the back and told Jorgensen to hang up the telephone. At this time, Johnson, who had freed herself, pointed a gun at the gunman. The gunman aimed his gun at Johnson, but quickly left the store without firing.

The store was equipped with a video surveillance camera, which recorded some of the actions of the gunman. The videotape, as well as several frames of the film developed into still photographs, were later admitted into evidence at trial.

The police investigation eventually focused on defendant. After Johnson identified defendant in a photographic lineup, defendant was arrested.

Defendant escaped from custody in March 1992 while visiting a dentist's office in Lapeer. While waiting for the dentist, defendant asked to use the restroom. After he had been in the restroom for approximately a minute, defendant opened the door and said he needed help. When Deputy Michael Hollenbeck approached the restroom, defendant pointed a gun at him. Defendant ordered Hollenbeck to step into the restroom. Defendant then disarmed Hollenbeck and, with a gun in each hand, instructed him to remove defendant's restraints and use them to shackle himself to the plumbing fixtures. After Hollenbeck complied, defendant fled. Defendant's girl friend, Carolyn Rau, picked up defendant in Flint later that morning.

Defendant was later apprehended in and extradited from Tennessee.

I

Defendant first argues that the trial court erred so as to require reversal in allowing the prosecutor to introduce evidence of defendant's armed escape from custody. In particular, defendant cites Hollenbeck's testimony as prejudicial; Hollenbeck stated that defendant had pointed a semiautomatic weapon at him and said, "Don't do it, I'll shoot you right where you're at." Defendant contends that the admission of this evidence allowed the jury to conclude that defendant had a propensity to commit armed robberies.

A trial court's decision to admit evidence will not be reversed absent an abuse of discretion. The standard for reviewing an abuse of discretion is narrow; the result must have been so violative of fact and logic that it evidences a perversity of will, a defiance of judgment, or an exercise of passion or bias. *People v Woods,* 200 Mich App 283, 288; 504 NW2d 24 (1993).

It is well established in Michigan law that evidence of flight is admissible. See, e.g., *People v Cammarata,* 257 Mich 60, 66; 240 NW 14 (1932); *People v Cutchall,* 200 Mich App 396, 398-401; 504 NW2d 666 (1993); *People v Clark,* 124 Mich App 410, 413; 335 NW2d 53 (1983). Such evidence is probative because it may indicate consciousness of guilt, although evidence of flight by itself is insufficient to sustain a conviction. *Cutchall, supra* at 399, 401; see CJI2d 4.4. The term "flight" has been applied to such actions as fleeing the scene of the crime, leaving the jurisdiction, running from the police, resisting arrest, and attempting to escape custody. 29 Am Jur 2d, Evidence, § 532, p 608.

Although defendant concedes that evidence of flight is admissible, he argues that he was unfairly prejudiced by the admission of the evidence regarding the details of his escape because it involved criminal acts separate from those at issue in the trial. Defendant contends that because the admission of evidence of other criminal activity is strictly limited by MRE 404(b), the trial court erred in allowing the jury to learn of the criminal acts committed by defendant in the course of his escape.

The Missouri Court of Appeals addressed this issue in *State v Meeks,* 659 SW2d 306 (Mo App, 1983). In *Meeks,* in the course of escaping from the hospital, the defendant attacked the deputy guarding him; during the struggle, the defendant beat the deputy, choked him, and knocked out his lower teeth. The court ruled that evidence of the assault on the deputy was admissible even though it constituted evidence of another, unrelated crime, because "it is obvious that the assault was part of the res gestae of the escape." *Meeks, supra* at 307.

We likewise hold that testimony regarding the criminal actions accompanying an escape or attempted escape is admissible because those actions are part of the res gestae of the incident. The trial court therefore did not err in allowing the prosecution to introduce evidence of not only the fact of defendant's escape, but also the details of how the escape was accomplished. See 22A CJS, Criminal Law, § 747, p 397.

The fact that evidence of other criminal activities would generally be inadmissible under MRE 404(b) does not affect our holding. Evidence that is admissible for one purpose is not inadmissible because its use for a different purpose is precluded. *People v VanderVliet,* 444 Mich 52, 73; 508 NW2d 114 (1993).

## II

Defendant next argues that the trial court erred in refusing to exclude evidence of defendant's prior conviction of conspiracy to commit armed robbery, MCL 750.157a; MSA 28.354(1). Defendant argues that similarity between armed robbery and conspiracy to commit armed robbery unfairly prejudiced him.

MRE 609(a)(2) provides that evidence that a witness has been convicted of a crime is admissible for purposes of impeachment where

> the crime contained an element of theft, and
> (A) the crime was punishable by imprisonment in excess of one year or death under the law under which the witness was convicted, and
> (B) the court determines that the evidence has significant probative value on the issue of credibility and, if the witness is the defendant in a criminal trial, the court further determines that the probative value of the evidence outweighs its prejudicial effect.

The trial court's decision to allow impeachment by evidence of a prior conviction is within its sound discretion and will not be reversed on appeal absent an abuse of that discretion. *People v Hicks,* 185 Mich App 107, 110; 460 NW2d 569 (1990).

The Supreme Court has stated that when analyzing the prejudicial effect of a defendant's prior conviction, a court should consider the similarity of the conviction to the charged offense. *People v Allen,* 429 Mich 558, 606; 420 NW2d 499 (1988). In refusing to exclude evidence of the conviction of conspiracy to commit armed robbery, the trial court reasoned that the former offense is not identical to the charged offense, armed robbery. Defen-

dant argues that the two offenses are so similar that introduction of evidence of the prior conviction was more prejudicial than probative.

We find it unnecessary to determine whether the trial court abused its discretion in refusing to exclude evidence of defendant's conviction of conspiracy to commit armed robbery. The erroneous admission of evidence of a prior conviction is harmless error where reasonable jurors would find the defendant guilty beyond a reasonable doubt even if evidence of the prior conviction had been suppressed. *Hicks, supra* at 111-112.

In the present case, the prosecution presented strong evidence of defendant's guilt. Before trial, Johnson identified defendant in a photographic lineup; at trial, both Johnson and Jorgensen identified defendant as the robber. The store videotape of the robbery and still photographs made from it were entered into evidence.

Moreover, given defendant's chosen defense, we cannot say that allowing the jury to learn of defendant's previous conviction was unduly prejudicial. Defendant testified that he was an "expert" armed robber, and that he could not possibly have committed the robbery in the present case because the perpetrator was clearly an amateur. Defendant then played the store videotape and critiqued the performance of the robber, indicating at each step what he would have done differently had he committed the crime. On cross-examination, defendant estimated that he had successfully committed approximately forty armed robberies. Defendant further volunteered that if he had been the robber, he would have shot anyone he had to in order to escape with the jewelry in the store as well as the cash. In light of defendant's testimony, we think it unlikely that the evidence of a single prior conviction had any effect at all on the jury's verdict.

## III

Lastly, defendant argues that the trial court erred in allowing defense witness Carolyn Rau to be impeached with evidence of her conviction of aiding and abetting defendant's escape from jail. We find no error.

The credibility of a witness is always an appropriate subject for the jury's consideration. Evidence of a witness' bias or interest in a case is highly relevant to credibility. *People v Mumford,* 183 Mich App 149, 152; 455 NW2d 51 (1990); see CJI2d 3.6(3). Rau testified that she and defendant had been at their Mount Morris home at the time of the robbery. The trial court properly allowed the admission of evidence that illustrated Rau's relationship with defendant and her personal interest in the outcome of the trial.

Affirmed.