# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

MARVIN LAVERN CHANDLER,

        Defendant-Appellant.

UNPUBLISHED
March 19, 2015

No. 317214
Muskegon Circuit Court
LC No. 12-062596-FH

Before: M. J. KELLY, P.J., and MURPHY and HOEKSTRA, JJ.

PER CURIAM.

Defendant appeals as of right his jury trial conviction for first-degree retail fraud, MCL 750.356c. He was sentenced as a fourth-habitual offender, MCL 769.12, to 28 months to 20 years' imprisonment. We affirm.

Defendant's conviction arises out of the theft of two laptop computers from a store on September 4, 2012. Video footage and still images captured by the store's closed-circuit television security system revealed that defendant entered the store's electronics department, waited until the sales associates were not looking, promptly removed the security devices from the two laptops in question, walked out of the electronics department carrying the laptops, and then proceeded to the toy department with the laptops in tow. When defendant reached the end of a display rack in the toy department with the laptops in his hands, he moved behind the rack and was out of the view of the security cameras for approximately 15 seconds. After defendant emerged from behind the display rack and entered another aisle, a security camera was able to regain surveillance of his movements. At this point, however, defendant was no longer holding the laptops in his hands and the laptops were not openly visible. But the video footage did show defendant adjusting and holding his shirt and shorts. Defendant then walked directly to the front of the store and exited the store without paying for any items. As defendant left the store, the security footage revealed a rectangular outline underneath his shirt. The store's loss prevention officer testified that in "[t]he images that we got as [defendant] was leaving the building[,] you can clearly . . . [see] that there is something underneath the shirt in the shape of what would be the size of the laptops." This testimony was corroborated by the images from the security cameras. Additionally, as defendant left the store, he is seen awkwardly holding his arms up to the side of his body instead of letting his arms hang freely at his side; he clearly appears to be trying to contain something under his shirt with his elbows. Approximately 20 minutes after defendant exited the store, the loss prevention officer checked the toy department and aisles that

-1-

defendant had walked through to see if the laptops had been left in these areas, but she could not locate the laptops. Afterwards, the police circulated photographs developed from the video footage, and multiple tips led to defendant's apprehension. The police obtained a warrant to search defendant's apartment, and the shorts that defendant is seen wearing in the videotape were discovered, but the laptops were never recovered.

Defendant's first argument on appeal is that there was insufficient evidence to support his conviction for first-degree retail fraud. More specifically, defendant argues that "the prosecutor failed to prove [that] defendant took property from the store with the intent to permanently deprive the store thereof." As defendant develops his argument, it is clear that he is not directly challenging the "intent to permanently deprive" element of the crime; rather, he is contending that the prosecution "failed to present any evidence that laptops had been taken from the store by defendant."[1] Defendant emphasizes that the laptops were not found in his apartment. He suggests that perhaps the laptops remained in the store and were not adequately searched for after his departure. With respect to the prosecution's theory that he concealed the laptops under his shirt and left the store with them, defendant argues that there was no evidence that he indeed hid them under his shirt. The substance of defendant's argument is focused on the claim that there was insufficient evidence of a theft having actually occurred.

We review de novo the issue regarding whether there was sufficient evidence to sustain a conviction. *People v Lueth*, 253 Mich App 670, 680; 660 NW2d 322 (2002). In reviewing the sufficiency of the evidence, this Court must view the evidence – whether direct or circumstantial – in a light most favorable to the prosecutor and determine whether a rational trier of fact could find that the essential elements of the crime were proved beyond a reasonable doubt. *People v Reese*, 491 Mich 127, 139; 815 NW2d 85 (2012); *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002). A jury, and not an appellate court, observes the witnesses and listens to their testimony; therefore, an appellate court must not interfere with the jury's role in assessing the weight of the evidence and the credibility of the witnesses. *People v Wolfe*, 440 Mich 508, 514-515; 489 NW2d 748 (1992). Circumstantial evidence and the reasonable inferences that arise from such evidence can constitute satisfactory proof of the elements of the crime. *People v Carines*, 460 Mich 750, 757; 597 NW2d 130 (1999). The prosecution need not negate every reasonable theory of innocence, but need only prove the elements of the crime in the face of whatever contradictory evidence is provided by the defendant. *People v Nowack*, 462 Mich 392, 400; 614 NW2d 78 (2000). We resolve all conflicts in the evidence in favor of the prosecution. *People v Kanaan*, 278 Mich App 594, 619; 751 NW2d 57 (2008).

MCL 750.356c(1) provides in relevant part:

> A person who does any of the following in a store or in its immediate vicinity is guilty of retail fraud in the first degree . . . .

---

[1] Defendant is indirectly challenging the "intent" element of the offense in the sense that there could not have been any intent to permanently deprive the store of the laptops when there was no evidence that the laptops were taken in the first place.

> (b) While a store is open to the public, steals property of the store that is offered for sale at a price of $1,000.00 or more.

With respect to first-degree retail fraud, the prosecution must prove beyond a reasonable doubt that: (1) "the defendant took some property that the store offered for sale;" (2) "the defendant moved the property," with any movement being sufficient regardless of "whether the defendant actually got the property past the cashier or out of the store;" (3) "the defendant intended to steal the property[,]" meaning that he or she "intended to permanently take the property from the store without the store's consent;" (4) the charged act occurred "while the store was open to the public;" and (5) the price of the property was $1,000 or more. M Crim JI 23.13;[2] see also MCL 750.356c(1)(b); *People v Cain*, 238 Mich App 95, 119; 605 NW2d 28 (1999).

Here, taking into consideration the direct and circumstantial evidence, and the reasonable inferences arising therefrom, and viewing the evidence in a light most favorable to the prosecution, there was more than sufficient evidence establishing that defendant surreptitiously carried the laptops out of the store without paying for them and that he did so with the intent to permanently deprive the store of the property. This supporting evidence consisted of: the removal of the security devices attached to the laptops while store personnel were not looking; the visible handling of the laptops by defendant before entering the toy department; defendant's adjustment of his shirt and shorts after the laptops were no longer openly visible following the momentary break in the security footage; the images of defendant exiting the store with a laptop-shaped outline protruding from his shirt; the awkward movement or positioning of defendant's arms as he left the store, reflecting an attempt to contain something under his shirt; and the subsequent failure to locate the laptops in the store. Reversal is unwarranted.

Defendant's second and final argument on appeal is that the trial court improperly admitted prior-bad-acts evidence, MRE 404(b), regarding an act of retail fraud committed by defendant in 2001, in which he concealed a nail gun under his shirt and left a hardware store without paying for the tool. First, assuming any error in the admission of this evidence, it was harmless, as defendant has not shown the requisite prejudice, i.e., that it is more probable than not that defendant would have been acquitted absent the presumed error. MCL 769.26; *People v Lukity*, 460 Mich 484, 495; 596 NW2d 607 (1999). As gleaned from our discussion above, the evidence of defendant's guilt was very strong, and admission of the 2001 retail fraud event was ultimately harmless. Moreover, the trial court did not err in admitting evidence regarding the 2001 act of retail fraud. The bad-acts evidence was admitted for a proper purpose, i.e., to show a common scheme, plan, or system, and not to support a general propensity theory. MRE 404(b)(1); *People v Sabin (After Remand)*, 463 Mich 43, 55; 614 NW2d 888 (2000). Further, the evidence was relevant to show that, contrary to defendant's theory of the case, the laptops were actually removed from the store by way of defendant hiding them under his shirt, as the current

---

[2] The trial court instructed the jury consistent with M Crim JI 23.13, and defendant does not raise any instructional challenge.

and former acts were sufficiently similar to support an inference that they manifested a common plan, scheme, or system. *Id.* at 59-68; MRE 401 and 402. And the probative value of the evidence was not substantially outweighed by the danger of unfair prejudice, *Sabin*, 463 Mich at 55-56, 70-71; MRE 403, considering that there was little danger that the evidence would be given undue or preemptive weight by the jury and that its admission was not inequitable, *People v Mills*, 450 Mich 61, 75-76; 537 NW2d 909 (1995). Moreover, the trial court instructed the jury not to consider the evidence for purposes of propensity, thereby alleviating any danger of unfair prejudice. *People v Roscoe*, 303 Mich App 633, 646; 846 NW2d 402 (2014).[3]

Affirmed.

/s/ Michael J. Kelly
/s/ William B. Murphy
/s/ Joel P. Hoekstra

---

[3] Assuming that the trial court erred in admitting the bad-acts evidence for the additional purpose of showing identity, this would not have precluded introduction of the evidence to show a common plan, scheme, or system. *People v Coleman*, 210 Mich App 1, 5; 532 NW2d 885 (1995) ("Evidence that is admissible for one purpose is not inadmissible because its use for a different purpose is precluded."). Also, any presumed associated instructional error was harmless. Finally, in light of our ruling, it is unnecessary to address the prosecution's argument that the bad-acts evidence was admissible under MCL 768.27 regardless of MRE 404(b).