# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

v

JOHNNY LEE COX,

Defendant-Appellant.

UNPUBLISHED
April 12, 2018

No. 336864
Oakland Circuit Court
LC No. 2016-259537-FH

Before: SERVITTO, P.J., and MARKEY and O'CONNELL, JJ.

PER CURIAM.

Defendant appeals by right his jury trial convictions of breaking and entering a vehicle causing damage, MCL 750.356(a)(3), and larceny from a motor vehicle, MCL 750.356a(1). Defendant was sentenced as a fourth habitual offender, MCL 769.12, to 2 to 15 years' imprisonment for his breaking and entering a vehicle causing damage and larceny from a motor vehicle convictions. We affirm.

Defendant argues that the evidence presented at trial, that he possessed a screwdriver and wire cutters, as well as his presence in the vehicle in which the navigation system was found, was insufficient to identify him as the perpetrator. We disagree.

Challenges to the sufficiency of the evidence are reviewed de novo. *People v Ericksen*, 288 Mich App 192, 195; 793 NW2d 120 (2010). The reviewing court must determine if viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find that the prosecution proved each essential element of the crime beyond a reasonable doubt. *Id*. at 196. A trier of fact may consider circumstantial evidence and all reasonable inferences that evidence creates. *Id*. "It is for the trier of fact, not the appellate court, to determine what inferences may be fairly drawn from the evidence and to determine the weight to be accorded those inferences." *People v Hardiman*, 466 Mich 417, 428; 646 NW2d 158 (2002).

Identity is an essential element in any crime. *People v Bass*, 317 Mich App 241, 263; 893 NW2d 140 (2016). Yet, just as with the other elements of a crime, reasonable inferences arising from the evidence or circumstantial evidence can be sufficient to prove identity. *Id*. at 264; see also *People v Sullivan*, 290 Mich 414, 418; 287 NW 567 (1939) ("Identity . . . may be established by circumstantial evidence alone[.]").

-1-

In this case, defendant was found guilty of breaking and entering a motor vehicle causing damage and larceny from a motor vehicle. Defendant does not contest any element other than identity. Defendant argues that the modified screwdriver and the wire cutters that were found on his person, and his presence in the vehicle that contained the stolen navigation system, do not together provide sufficient evidence to warrant his convictions. Defendant's argument fails because it mischaracterizes some, and neglects to mention, other key pieces of evidence.

Even without direct evidence identifying defendant as the perpetrator who appeared on the surveillance tape, there is more than sufficient circumstantial evidence to create a reasonable inference of guilt. It is true that the poor quality of the video security footage would render it difficult to use to identify the perpetrator. But on appeal, defendant fails to mention the short time span between the robbery and his arrest. Southfield Police Officer Michael Raby located the vehicle matching the description of the vehicle that was involved in the theft only a minute after the robbery, making it unlikely that Raby identified the wrong vehicle. Robert Garcia, the security officer on duty, had seen the vehicle on the surveillance tape moving toward the service drive. From Raby's in-car camera, jurors could see that the service drive was fairly empty. The vehicle in which defendant and Christopher McKay, the driver and codefendant, were found appears to be the only one on the service drive meeting Garcia's description.[1] It was only a matter of a few minutes from the time of the theft to the time the vehicle crashed. A reasonable trier of fact could conclude that because of the short time frame and the suspect vehicle's solitary place on the service drive, it is unlikely that Raby pursued the wrong vehicle.

This relative certainty that Raby pursued the correct vehicle is supplemented by the fact that defendant unmistakably was the man who fled from the passenger seat of the suspect vehicle. Ruger, Raby's police dog, located defendant after sniffing the passenger seat of the vehicle. Raby also provided a courtroom identification of defendant as the man who fled the dark vehicle. Thus, based on the timing and defendant's location alone, a reasonable trier of fact could conclude that defendant is guilty beyond a reasonable doubt.

Additionally, although the surveillance tape is not high quality, Garcia did gain some identifying information from it. For example, Garcia saw the perpetrator standing next to the white truck and subsequently entering the passenger side of the dark vehicle, which was the same side that defendant exited when he fled Raby. This suggests that defendant, rather than the driver, was the perpetrator. Garcia also saw the dark vehicle exit to the service drive, where Raby identified the vehicle that defendant occupied. Though these details are not extraordinarily particular, in combination with the other evidence, they do create convincing circumstantial evidence that defendant committed the charged crimes.

Furthermore, the tools found in defendant's possession were not "generic tools," as he would prefer to characterize them. Instead the screwdriver had been broken, such that it perfectly fit the nuts on the face of the device. According to Kenneth Rochon, an evidence

---

[1] The jury viewed the police video from the pursuit. The video shows clearly that the service drive was fairly deserted, making it unlikely that there was another vehicle meeting the description in the same area.

technician for the Southfield Police Department, this type of modified screwdriver and wire cutters are commonly used tools to remove navigation systems. When considered in combination, the above evidence, in addition to finding the stolen Dodge navigation system in the vehicle in which defendant fled, provides enough circumstantial evidence to give rise to the reasonable inference that defendant is the perpetrator. See *Bass*, 317 Mich App at 263-265.

The trier of fact was also free to consider defendant's flight as evidence of consciousness of guilt. *People v Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995). According to Raby, even when confronted, defendant resisted arrest. Because defendant refused to surrender himself, Raby was forced to command Ruger to drag him out from under the bush. Defendant's flight and willingness to undergo physical harm, i.e., a dog bite, rather than converse with Raby, could reasonably suggest to the jury that defendant was guilty. While flight alone is not sufficient to prove a defendant's guilt beyond a reasonable doubt, *id.*, in this circumstance, defendant's flight is one factor among many others showing his guilt.

While defendant is correct in pointing to the lack of direct eyewitness or forensic evidence identifying him as the perpetrator on the surveillance tape, we also note there is ample circumstantial evidence to create a reasonable inference that defendant is guilty beyond on a reasonable doubt of the charged crimes. Because of the short time span between the crime and Raby's response, as well as the lack of other vehicles on the road, a reasonable trier of fact could conclude that Raby pursued the correct vehicle. The vehicle also fled the police, and defendant later fled the vehicle, which jurors could take as evidence of consciousness of guilt. In support of this finding, police found modified tools used to remove navigation systems on defendant's person and a Dodge navigation system in the vehicle he occupied, which was the same navigation system that was removed from Kama's truck. These facts, taken together, are sufficient to prove that defendant committed the charged crimes.

We affirm.

/s/ Deborah A. Servitto
/s/ Jane E. Markey
/s/ Peter D. O'Connell