*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellee,

UNPUBLISHED
January 9, 2020

v

No. 345146
Wayne Circuit Court
LC No. 18-001397-01-FC

MARCUS BROWN,

Defendant-Appellant.

Before: CAMERON, P.J., and CAVANAGH and SHAPIRO, JJ.

PER CURIAM.

A jury convicted defendant of multiple felonies including assault with intent to commit murder (AWIM), MCL 750.83, assault with intent to do great bodily harm less than murder (AWIGBH), first-degree home invasion, MCL 750.110a(2), unlawful imprisonment, MCL 750.349b, and weapons charges. Defendant appeals. We vacate his conviction and sentence for AWIGBH, but affirm in all other respects.

## I. FACTS

Octavia Evans, the mother of defendant's children, broke up with defendant in December 2017 because she believed he had been unfaithful. Around 10:30 p.m. on January 29, 2018, Evans and her friend, Michael Reed, were at the apartment of another friend in Detroit. Evans and Reed heard a knock at the front door, looked through the peephole, and saw defendant. Promptly thereafter, three gunshots were fired through the back door of the apartment, one wounding Reed in the side. Defendant then entered the home through the back door and Evans and Reed ran upstairs. Evans hid in a bedroom closet; Reed hid in the bathroom with the door closed. After speaking with Reed through the bathroom door, defendant fired two shots through the door, one striking Reed in the leg. Reed then heard defendant say to Evans that if she did not come out, he was going to kill Reed.

Evans opened the closet and, against her will, defendant took her to a duplex at 12244 Burt Road. One side of the duplex was abandoned. Defendant took Evans to a home on the abandoned side where he held her against her will for several hours. After she was released,

-1-

Evans called the police. Several hours later, the police went to the home of defendant's friend, Sasha Coward, and arrested defendant who was found hiding behind a refrigerator in the kitchen.

## II. SUFFICIENCY OF THE EVIDENCE—AWIM

Defendant argues that there was insufficient evidence of an intent to kill to convict him of AWIM. We disagree.[1]

"The elements of [AWIM] are (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *People v Ericksen*, 288 Mich App 192, 195-196; 793 NW2d 120 (2010). Intent to kill may be inferred from any facts in evidence. *Id*. at 196.

Here, there was evidence that defendant shot through the back door of the apartment three times, striking Reed once in the side. After Reed ran upstairs and hid in the bathroom, defendant—knowing Reed was already wounded and hiding in the bathroom—fired two shots through the bathroom door, wounding Reed in his leg. He then made an explicit threat to kill Reed. A reasonable jury could certainly infer an intent to murder from these actions.

## III. INSTRUCTIONAL ERROR—FLIGHT JURY INSTRUCTION

Defendant argues that the trial court erred by giving a flight instruction because there was no evidence to support it. We disagree with defendant's view of the evidence.[2]

At the end of defendant's trial, the court instructed the jury as follows:

There has been some evidence that the defendant tried to run away or hide after the alleged crime.

This evidence does not prove guilt.

A person may run or hide for innocent reasons, such as panic, mistake, or fear.

However, a person may also run or hide because of consciousness of guilt.

You must decide . . . whether the evidence is true; and, if true, whether it shows that the defendant had a guilty state of mind.

---

[1] "When reviewing a defendant's challenge to the sufficiency of the evidence, we review the evidence in a light most favorable to the prosecutor to determine whether any trier of fact could find the essential elements of the crime were proven beyond a reasonable doubt." *People v Williams*, 294 Mich App 461, 471; 811 NW2d 88 (2011) (quotation marks and citation omitted).

[2] Unpreserved claims of instructional error are reviewed for plain error. *People v Matuszak*, 263 Mich App 42, 48; 687 NW2d 342, 354 (2004).

We agree with defendant that to give a particular instruction to the jury, there must be evidence to support it. *People v Johnson*, 171 Mich App 801, 804; 430 NW2d 828 (1988). In this case the evidence readily supports the instruction. Defendant does not dispute that he was hiding behind the refrigerator when the police arrived at Coward's home in an attempt to avoid detection. "The term 'flight' has been applied to such actions as fleeing the scene of the crime, leaving the jurisdiction, running from the police, resisting arrest, and attempting to escape custody." *People v Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995). We see no material difference between fleeing the crime scene to avoid detection and hiding from the police for the same purpose. Both are indicative of a guilty conscience. And because the instruction was proper, defendant's claim of ineffective assistance in failing to object to it is without basis. See *People v Thomas*, 260 Mich App 450, 457; 678 NW2d 631 (2004).

## IV. GREAT BODILY HARM

Defendant's brief argued that the jury should have been instructed on AWIGBH as a lesser included offense of AWIM and that counsel's failure to seek such an instruction constituted ineffective assistance of counsel. At oral argument, however, both parties recognized that the jury had in fact been instructed on, and convicted defendant of, AWIGBH, though not as a lesser included offense. Given this understanding, defendant withdrew his original argument and asserted instead that the AWIGBH conviction should be vacated because the defendant's actions were presented as a single continuous assault. The prosecution agreed that this relief should be granted. We agree with the parties that the conviction of AWIGBGH should be vacated because by convicting defendant of two offenses, one included in the other, the verdict improperly imposed multiple punishments.[3] See *People v Herron,* 464 Mich 593, 609-610; 628 NW2d 528 (2001); *People v Gibbs*, 299 Mich App 473, 491; 830 NW2d 821 (2013).

Finally, defendant argues that the trial court erred by making his AWIGBH sentence run consecutively to his felony-firearm sentence. However, this is a moot issue given that we vacate defendant's AWIGBH conviction and sentence.

---

[3] "The elements of [AWIGBH] are: (1) an attempt or threat with force or violence to do corporal harm to another (an assault), and (2) an intent to do great bodily harm less than murder." *People v Brown*, 267 Mich App 141, 147; 703 NW2d 230 (2005) (quotation marks and citation omitted). "The elements of [AWIM] are: (1) an assault, (2) with an actual intent to kill, (3) which, if successful, would make the killing murder." *Id*. (quotation marks, citation, and footnote omitted). AWIGBH is a necessarily included lesser offense of AWIM. *Id*. at 150-151. These offenses "are distinguishable from each other by the intent required of the actor at the time of the assault." *Id*. at 148. AWIM requires an actual intent to kill that is not a part of AWIGBH. *Id*. at 151.

Affirmed in part, reversed in part, and remanded for correction of the judgment of sentence. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Mark J. Cavanagh
/s/ Douglas B. Shapiro

-4-