*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

        Plaintiff-Appellee,

v

KEITH ELDON FERRIER,

        Defendant-Appellant.

UNPUBLISHED
June 13, 2024

No. 364904
St. Clair Circuit Court
LC No. 22-001612-FH

Before: MURRAY, P.J., and RIORDAN and D. H. SAWYER*, JJ.

MURRAY, P.J. (*concurring*).

I concur with the decision to affirm defendant's convictions, but write separately on whether it was an abuse of discretion to provide the jury with a flight instruction. For the reasons explained below, because the instruction was not warranted by the facts, it was an abuse of discretion for the trial court to read it to the jury. However, the error was harmless.

Michigan Model Criminal Jury Instruction 4.4., entitled "Flight, Concealment, Escape or Attempted Escape," states:

(1) There has been some evidence that the defendant [tried to run away / tried to hide / ran away / hid] after [the alleged crime / (he / she) was accused of the crime / the police arrested (him / her) / the police tried to arrest (him / her)].

(2) This evidence does not prove guilt. A person may run or hide for innocent reasons, such as panic, mistake, or fear. However, a person may also run or hide because of a consciousness of guilt.

(3) You must decide whether the evidence is true, and, if true, whether it shows that the defendant had a guilty state of mind.

"It is well established in Michigan law that evidence of flight is admissible. Such evidence is probative because it may indicate consciousness of guilt, although evidence of flight by itself is

―――――――――――――――――

*Former Court of Appeals judge, sitting on the Court of Appeals by assignment.

insufficient to sustain a conviction. The term 'flight' has been applied to such actions as fleeing the scene of the crime, leaving the jurisdiction, running from the police, resisting arrest, and attempting to escape custody." *People v Coleman*, 210 Mich App 1, 4; 532 NW2d 885 (1995).

Here, the trial court abused its discretion in instructing the jury with M Crim JI 4.4, as there was no evidence that reasonably supported the instruction. *People v Johnson*, 171 Mich App 801, 804; 430 NW2d 828 (1988). The two statements the trial court relied upon were both made while defendant was *already in jail* on these charges, and neither statement could reasonably be understood as constituting evidence that defendant intended to hide or flee from the police. And, there is no suggestion he tried to flee when he was apprehended, or otherwise attempted to hide or escape once confronted by police. Instead, the prosecution relied on the two statements made over the jail phone, and as to those, one statement could only be reasonably understood as a joke, or off-the-cuff statement, while the other actually revealed an intent to stay put and face the charges against him. The facts did not support giving the instruction.

In any event, the error does not require reversal. For, "after examining the nature of the error in light of the weight and strength of the untainted evidence, it affirmatively appears that it is more probable than not that the error was [not] outcome determinative." *People v Riddle*, 467 Mich 116, 124-125; 649 NW2d 30 (2002).

/s/ Christopher M. Murray